IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RENEWABLE ENERGY EQUIPMENT LEASING, LLC,**

        Plaintiff,

  vs.

**TEAM GEMINI, LLC,**

        Defendant.

Civil Action 2:14-cv-2687
Judge Frost
Magistrate Judge King

<u>OPINION AND ORDER</u>

This matter is before the Court on the *Motion of Plaintiff Renewable Energy Equipment Leasing, LLC for Leave to Amend Complaint*, ECF 21 ("*Motion to Amend*"). For the reasons that follow, the *Motion to Amend* is **GRANTED**.

I.   BACKGROUND

Defendant, a sustainable project design and development company, owns interests in a variety of projects in the United States and abroad focused on renewable energy. *Complaint*, ¶ 4. Defendant is the controlling member of Team Gemini Project Cardinal, LLC, which is an Ohio limited liability company that has contracted with the Solid Waste Authority of Central Ohio ("SWACO") to build a recycling center at the Franklin County Landfill in Grove City, Franklin County, Ohio ("COR3 Facility"). *Id*. at ¶¶ 5-6.

On October 23, 2012, plaintiff and defendant entered into a written agreement ("Agreement"), under which plaintiff served as the exclusive financial services and project advisor to defendant for its

1

projects in exchange for compensation as provided under the Agreement. *Id*. at ¶¶ 10-11 (citing Exhibit A, attached thereto).  This compensation included a 5% equity interest in Team Gemini Project Cardinal, LLC, and in defendant's other projects.  *Id*. at 11-12, 15.  On May 12, 2013, defendant purported to terminate the Agreement and immediately thereafter proposed a new agreement, which eliminated the 5% equity provision.  *Id*. at ¶¶ 15-16.  After plaintiff rejected the proposed agreement, defendant continued to seek plaintiff's services and advice on the COR3 Facility and other projects and continued to treat plaintiff as if it were the project advisor on its projects.  *Id*. at ¶¶ 18-19.  Defendant, however, has denied that plaintiff is entitled to compensation under the Agreement, including plaintiff's equity interests in Team Gemini Project Cardinal, LLC, and in other projects.  *Id*. at ¶¶ 20-21.

On December 19, 2014, plaintiff filed the *Complaint*, asserting claims of breach of contract, promissory estoppel, *quantum meruit*, and a judgment declaring that, under the Agreement, plaintiff owns a 5% equity interest in Team Gemini Project Cardinal, LLC, and defendant's other projects.  *See generally Complaint*.  Following a preliminary pretrial conference conducted pursuant to the provisions of Fed. R. Civ. P. 16(b), the Court issued an order directing, *inter alia*, that motions for leave to amend the pleadings be filed, if at all, by June 5, 2015.  *Preliminary Pretrial Order*, ECF 13, p. 1.

On June 5, 2015, plaintiff filed its *Motion to Amend*, seeking to join two additional defendants, *i.e.*, Gemini Holdings I, LLC, and Team Gemini Project Cardinal, LLC.  *See Motion to Amend* and proposed *First*

2

*Amended Complaint*, attached thereto. The proposed *First Amended Complaint* also asserts an additional claim for declaratory judgment, challenging the validity of defendant's purported transfer of plaintiff's 5% interest in Team Gemini Project Cardinal, LLC, to Gemini Holdings I, LLC. *Id*. at ¶¶ 46-50. Defendant opposes the *Motion to Amend*. *Defendant Team Gemini, LLC's Memorandum in Opposition to Motion of Plaintiff Renewable Energy Equipment Leasing, LLC for Leave to Amend Complaint (Doc. #21)*, ECF 24 ("*Memo. in Opp.*"). With the filing of *Plaintiff Renewable Energy Equipment Leasing, LLC's Reply in Support of Motion for Leave to Amend Complaint*, ECF 25 ("*Reply*"), this matter is now ripe for resolution.

**II. STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996,

3

1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "To survive a motion to dismiss, a [claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

### III. DISCUSSION

Defendant first argues that the grant of the *Motion to Amend* would be futile because the proposed new parties are "wholly-unrelated" parties which are not parties to the Agreement that forms the basis of plaintiff's claims. *Memo. in Opp.*, pp. 1, 4-5. Moreover, defendant contends the proposed *First Amended Complaint* is insufficient because it does not allege that the proposed new defendants interfered with the Agreement or otherwise engaged in conduct giving rise to a claim. *Id.* at 5. Instead, defendant argues, plaintiff "simply alleges that it is somehow entitled to a declaration that any transfer of [defendant] Team Gemini's interest in Cardinal [Team Gemini Project Cardinal, LLC] is invalid[,]" an assertion that

4

defendant contests. *Id*. Because plaintiff was never in privity of contract with the proposed new defendants, its claims, if any, can be asserted against only the existing defendant, against whom plaintiff would have a complete remedy. *Id*. at 5-6. Finally, defendant argues that the filing of the proposed *First Amended Complaint* will "unnecessarily and severely" prejudice its "ability to close with any lenders on permanent financing for the project." *Id.* at 5.

Plaintiff argues that defendant's challenges to the sufficiency of the proposed new claims are more properly tested in a motion to dismiss the proposed *First Amended Complaint*. *Reply*, pp. 1-4. Plaintiff also contends that its claim for declaratory judgment substantially affects both of the proposed new parties, against whom plaintiff has independent claims that arise from the subsequent purported transfer of plaintiff's 5% equity interest in Team Gemini Project Cardinal, LLC. *Id*. at 2-3. Finally, plaintiff argues that the prejudice alleged by defendant is insufficient i to deny the *Motion to Amend*.

Plaintiff's arguments are well-taken. After considering the proposed amendments and the arguments of the parties, the Court cannot say at this stage of the proceedings that plaintiff is unable to prove any set of facts that would entitle it to relief against the proposed new defendants. *See* Fed. R. Civ. P. 12(b)(6); *Rose*, 203 F.3d at 420. Where the proposed amendment is plausible on its face and where there exist substantial arguments on whether or not plaintiff will ultimately prevail on the new claim, the amendment should be permitted. *See*, *e.g.*, *Lauren v. PNC Bank, N.A.*, No. 2:14-cv-0230,

5

2014 U.S. Dist. LEXIS 64945, at *9 (S.D. Ohio May 12, 2014) ("At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.").  Whether or not plaintiff will ultimately prevail on its claims is not before the Court at this juncture and is better left for resolution at a later stage of the proceedings. Finally, this Court agrees that defendant's claim of prejudice is insufficient. The prejudice that justifies denial of leave to amend a pleading is prejudice that "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994).  Defendant does not allege any such prejudice.  Indeed, this action is in its earliest stages and the *Motion to Amend* was timely filed.  See *Preliminary Pretrial Order*, ECF 13, p. 1.

Under all these circumstances, the Court concludes that its discretion is better exercised by granting the *Motion to Amend.*

**WHEREUPON**, the *Motion of Plaintiff Renewable Energy Equipment Leasing, LLC for Leave to Amend Complaint*, ECF 21, is **GRANTED**.  The Clerk is **DIRECTED** to file proffered *First Amended Complaint*, which is attached to plaintiff's motion.

August 3, 2015

                                      *s/  Norah McCann King*
                                      Norah McCann King
                              United States Magistrate Judge