UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Renewable Energy
Equipment Leasing, LLC,

    Plaintiff,

v.

Team Gemini, LLC, *et al.*,

    Defendants.

Case No. 2:14-cv-2687

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Team Gemini, LLC's, Team Gemini Project Cardinal, LLC's, and Gemini Holdings I, LLC's (collectively, "Defendants") participation in this case subsequent to the filing of the Amended Complaint has been dilatory.

First, Gemini Holdings I, LLC executed a waiver of service of summons only *after* the date the responsive pleading would have been due pursuant to the waiver and did not timely file a responsive pleading. Waiver, ECF No. 35; Glasgow Aff. ¶¶ 5–6, ECF No. 37-3. Gemini Holdings I, LLC's failure to timely respond to the Amended Complaint resulted in Plaintiff moving for default judgment, Mot., ECF No. 37, which motion was withdrawn when Plaintiff and Defendant agreed to a new deadline for the filing of Gemini Holdings I, LLC's Answer.

Then, in March of 2016, Attorney James Snoffner Savage, III, moved to withdraw as counsel for Defendants, citing Defendants' failure to pay. Mot., ECF No. 48. On April 5, 2016, Magistrate Judge Jolson, to whom this case is referred,

granted Attorney Savage's motion to withdraw. Order, ECF No. 52. The Court directed Defendants to obtain new counsel within thirty days. *Id.*

Team Gemini, LLC and Team Gemini Project Cardinal, LLC received an extension of time to secure new counsel. ECF No. 65. As early as May 5, 2016, however, Magistrate Judge Jolson warned all three Defendants that motions were pending; that Defendant's must be represented by counsel for the case to proceed; and that a failure to abide by the Court's Order to obtain counsel could result in default judgment. ECF No. 65.

Team Gemini, LLC and Team Gemini Project Cardinal, LLC failed to secure counsel even with the extension of time. *See* ECF Nos. 65 (granting those Defendants until May 16, 2016 to secure counsel), 72 (June 6, 2016, notice of appearance), 73 (June 6, 2016, notice of appearance). Team Gemini, LLC then failed to timely respond to Plaintiff's motion for partial summary judgment. ECF No. 77 (June 23, 2016 response to April 29, 2016 motion); S.D. Ohio Local R. 7.2(a)(2) (establishing twenty-one day deadline for opposition memoranda). Further, Team Gemini, LLC apparently failed to update its mailing address with the Clerk's office, because no less than six Court orders were returned as undeliverable during the course of this litigation. ECF No. 54, 56, 64, 66, 69, 108.

By August of 2016, Team Gemini, LLC and Team Gemini Project Cardinal, LLC were represented by Attorney Timothy John Owens. ECF Nos. 72, 73. That same month, Plaintiff, Team Gemini, LLC, and Team Gemini Project Cardinal, LLC informed the Court that they were close to settling the case. ECF No. 86. The Court

therefore vacated the October 2016 trial date, delaying this case even further. ECF No. 88.

October 2016 came and went, and those parties failed to settle the case. It was not until February 23, 2017, that litigation resumed on the parties' representation that negotiations had reached an impasse. ECF No. 104. At that time, the Court required the parties to file a joint proposed scheduling order. *Id.*

Meanwhile, Gemini Holdings I, LLC, still had not secured counsel—in direct contravention of the Court's May 2016 order.

All Defendants thereafter ignored the Court's February 2017 order to submit a joint status report. *See* Order, ECF No. 104; Notice, ECF No. 106.

Thereafter, Mr. Owens moved to withdraw as counsel for Team Gemini, LLC and Team Gemini Project Cardinal, LLC based, again, on their failure to pay. Mot. Withdraw, ECF No. 105.

Magistrate Judge Jolson granted Mr. Owens' motion to withdraw on March 2, 2017. Order, ECF No. 107. The Order further required Gemini Holdings I, LLC, to show cause why default judgment should not be entered against it for failure to retain new counsel in contravention of her May 2016 Order. *Id.* at 2. Magistrate Judge Jolson specifically warned Gemini Holdings I, LLC that she would recommend default judgment unless it sufficiently showed cause. *Id.* at 3.

Additionally, Magistrate Judge Jolson ordered Team Gemini, LLC and Team Gemini Project Cardinal, LLC to obtain new counsel and ordered the new counsel to enter an appearance within fourteen days of the Order. *Id.* at 4. Team Gemini, LLC and Team Gemini Project Cardinal, LLC were also specifically warned that their

failure to comply with the Order would result in the Magistrate Judge's recommendation of default judgment. *Id.*

Fifteen days later—on March 17, 2017—Gemini Holdings I, LLC, failed to respond to the show cause order and still had not retained counsel in direct contravention of the April 2016 Order. Additionally, no one had entered an appearance on behalf of Team Gemini, LLC or Team Gemini Project Cardinal, LLC, in direct contravention of the Court's March 2017 Order. Magistrate Judge Jolson therefore recommended that the Court enter default judgment against all three Defendants. R&R, ECF No. 109.

Team Gemini, LLC and Team Gemini Project Cardinal, LLC failed to object to the R&R.

Attorney Eugene Butler, however, entered an appearance on behalf of Gemini Holdings I, LLC, on March 30, 2017—almost a year after Gemini Holdings I, LLC, was ordered to obtain counsel and *after* default judgment was recommended. Notice, ECF No. 111. He filed objections to the R&R on behalf of Gemini Holdings I, LLC.

Gemini Holdings I, LLC, objects that it has not delayed this litigation because it has not attempted to act *pro se* nor has it failed to defend the action. Obj., ECF No. 112. Additionally, the objections note that outside counsel has represented Gemini Holdings I, LLC, in various settlement discussions, even though the counsel had not entered an appearance. *Id.*

Because neither Team Gemini, LLC nor Team Gemini Project Cardinal, LLC objected to the R&R, the Court **ADOPTS** the R&R with respect to them and without

conducting a *de novo* review. Additionally, having reviewed the record *de novo* with respect to Gemini Holdings I, LLC, the Court **ADOPTS** the R&R and enters default judgment against it as well. The Court's reasoning follows.

"While there is no specific Federal Rule or statute that provides for entry of a default judgment against a party who disobeys judicial orders, the Court may do so pursuant to its broad inherent authority to protect the integrity of the judicial process and guard against abuses." *Gordon v. Enhanced Acquisitions LLC*, No. 14-138939, 2017 WL 2389968, at *1 (E.D. Mich. May 11, 2017), *R&R adopted by* 2017 WL 2377501; *see also, e.g., Turner v. Whitehorn*, 205 F.3d 1342, *2 (6th Cir. Dec. 21, 1999) (upholding entry of default judgment where defendants were placed "on notice that failure to comply with the statutory and procedural rules governing the case could lead the court to impose sanctions on them" yet failed to appear for trial); *Dell, Inc. v. Advicon Comp. Servs., Inc.*, No. 06-11224, 2017 WL 2021842, at *5 (E.D. Mich. July 12, 2007) ("Although Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to enter default judgment as a discovery sanction, there is no Rule or statute that authorizes entry of default judgment based on a party's failure to obey court orders in general. Nevertheless, it is well-established [sic] that a federal court has the inherent authority to grant such relief when the circumstances warrant as much." (citations omitted)).

Gemini Holdings I, LLC's repeated and egregious disregard of the Court's various Orders in this case warrant the extreme sanction of default judgment, which this Court does not impose lightly. To recap, Gemini Holdings I, LLC violated three Court orders: the April 2016 Order to retain counsel within thirty days, ECF No. 52,

the February 2017 Order to file a joint status report, ECF No. 104, and the March 2017 Order to show cause, ECF No. 107. Moreover, it failed to timely respond to Plaintiff's Amended Complaint, resulting in unnecessary motions practice. ECF No. 37.

Defendant's actions can only be considered willful and in a bad faith effort to delay this litigation. Plaintiff was prejudiced by the unnecessary delay, by being forced to engage in unnecessary motions practice. Moreover, Defendant was warned as early as last year that default judgment could be entered, and the repeated disregard of the Court's Orders shows that a less drastic sanction would not suffice.

The Court **ADOPTS** the R&R, ECF No. 109, and will enter default judgment against Defendants after a hearing on damages. The Court **REFERS** this matter to Magistrate Judge Jolson to conduct a hearing on damages and to issue an R&R on the same.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**